## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAWN MCCOY,                          *
                                     *
      Plaintiff,                 *
                                     *
v.                                   *
                                     *      Civ. No. **9:20-cv-1899-PJM**
UNITED STATES OF AMERICA,            *
                                     *
      Defendant.                 *
                                     *
                                     *

### MEMORANDUM OPINION

Dawn McCoy has sued the United States of America for alleged negligence arising from her slip and fall in a U.S. post office parking lot. The United States has filed a Motion for Summary Judgment (ECF No. 49), which McCoy has opposed (ECF No. 50), and to which the United States has replied (ECF No. 53). The Court finds no hearing necessary. D. Md. Local R. 105.6. For the following reasons, the Court **DENIES** the United States' Motion (ECF No. 49).

### I.    BACKGROUND

McCoy alleges that, on September 12, 2017, she slipped and fell on a "tire indentation" in the United States Post Office parking lot located in Brandywine, Maryland. ECF No. 1 ¶ 10. She claims to have suffered foot and ankle fractures. ECF No. 1 ¶ 15. It was sunny and clear that day. ECF No. 49-1 at 3; ECF No. 50-5 at 9:15-16. The indentation, she says, was about three inches deep. ECF No. 50 at 5. There is no indication of precisely where in the parking lot the indentation was, nor whether it was clearly distinct in coloration from other parts of the lot, nor how long the indentation was in place. McCoy apparently had visited the Brandywine post office ten to fifteen times prior but, admits that she did not look down at the ground while exiting her car that day. ECF No. 50-5 at 8:11-12, 16:23–17:13.

1

On June 23, 2020, McCoy filed suit against the United States in this Court under the Federal Torts Claims Act ("FTCA"). ECF No. 1 ¶ 7. She claims the United States, by and through its post office employees, was negligent in its maintenance of the Brandywine post office's parking lot, and that this negligence caused her fall. *Id.* at ¶¶ 14–16. She seeks $10,000,000 in damages. *Id.* at 5.

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is one where the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.,* 673 F.3d 323, 330 (4th Cir. 2012). A material fact is one "that might affect the outcome of the suit under governing law." *Erwin v. United States,* 591 F.3d 313, 320 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). At summary judgment, a court must view the facts in the light most favorable to the non-moving party and draw reasonable inferences in the non-moving party's favor. *Anderson,* 477 U.S. at 255. The court must also refrain from weighing the evidence and making credibility determinations. *Id.*

## III.   DISCUSSION

The United States argues it is entitled to summary judgment because the tire indentation that allegedly caused McCoy's fall was not a dangerous condition and, even if it was, that the indentation was open and obvious. ECF No. 49-1 at 2.

Landowners, like the United States here, have a duty "to keep the premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover." *Duncan-Bogley v. United States,*

2

356 F. Supp. 3d 529, 538 (D. Md. 2018) (quoting *Casper v. Charles F. Smith & Son, Inc.*, 560 A.2d 1130, 1135 (Md. 1989)).[1] To prove a landowner breached its duty of care, an invitee must show that (1) a dangerous condition existed and (2) the owner had actual or constructive knowledge of it with (3) sufficient time to allow the owner the opportunity to remove it or to warn the invitee.[2] *Joseph v. Bozzuto Mgmt. Co.*, 173 Md. App. 305, 315 (2007). Dangerous conditions are "those that will not be discovered by invitees exercising ordinary care for their own safety," and open and obvious conditions are those which a person exercising reasonable care in the invitee's position would discover. *Schaefer v. United States*, No. CV PX-15-02690, 2017 WL 2506174, at *2–3 (D. Md. June 9, 2017).

McCoy must show that the indentation was a dangerous condition and not open and obvious to prevail on her claim. That is usually a question for the jury. *Six Flags Am., L.P. v. Gonzalez-Perdomo*, 242 A.3d 1143, 1151 (Md. App. 2020). Further, "whether a plaintiff . . . should have been looking at the ground instead of keeping a general eye toward where he or she is going is ordinarily a question for the jury." *G.C. Murphy Co. v. Greer*, 541 A.2d 996, 997 (Md. App. 1988).

This case presents no opportunity for the Court to depart from these general rules. The question of whether the indentation was a dangerous condition and whether it was open and obvious are questions to be resolved by a jury, not by the Court on summary judgment. A

---

[1] The United States Post Office has long leased the Brandywine property. ECF No. 1 ¶ 8. As a lessee who assumed "control" of the premises, the United States has assumed the "burden of the proper keeping of the premises." *Shields v. Wagman*, 714 A.2d 881, 884 (Md. 1998) (citation omitted). As such, the United States owes invitees like McCoy the same duties as would the owner of the property.

[2] The second and third elements of breach of duty are undisputedly fulfilled in this case. The United States had actual knowledge as the postmaster affirmed that they knew of the tire indentations. ECF No. 50-1 at 18–19. The United States also had enough time to repair it or warn McCoy as the postmaster knew of the indentation for over a year. ECF No. 50-1 at 22.

reasonable jury could well find the indentation was not a dangerous condition, and that it was open and obvious because, at the time of McCoy's accident, the indentation was not obstructed from her view, and it was sunny outside. ECF No. 49-1 at 3–4. On the other hand, a jury could also find the opposite—that the tire indentation was a dangerous condition and was not open and obvious because it was three inches deep, especially because McCoy took only a few steps out of her car before falling. ECF No. 50 at 5; ECF No. 49-1 at 4. When reasonable minds can differ, resolution by the jury is called for.

The United States also argues that McCoy's injury was caused by her contributory negligence when she failed to exercise reasonable caution in walking across the parking lot. ECF No. 49-1 at 2–3. How can the Court know this as a matter of law? As with the determinations of whether a condition is dangerous or open and obvious, "contributory negligence is a question for the jury." *Diffendal v. Kash & Karry Serv. Corp.*, 536 A.2d 1175, 1177 (Md. App. 1988) (citing *Kasten Const. Co. v. Evans*, 273 A.2d 90, 93 (Md. 1971)). A court may remove the question from the jury when there is a "prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." *Menish v. Polinger Co.*, 356 A.2d 233, 238 (Md. 1976). But not in this case, and not at this juncture any way.

While McCoy admits she did not look at the ground as she walked, she was travelling a familiar parking lot in broad daylight and might plausibly have instead have been looking first for oncoming cars or the approaching curb. ECF No. 49-1 at 3–5. Her failure to look down cannot conclusively be said to be a "prominent and decisive act" of contributory negligence on which no reasonable minds could differ. *Menish*, 356 A.2d at 238. Therefore, this is a question for the jury.

4

Finally, the United States contends that McCoy's claim fails because she has not established causation. But to survive summary judgment, a plaintiff need only show "a viable theory of causation." *Davis v. Regency Lane, LLC*, 245 A.3d 115, 132 (Md. App. 2021) (quoting *Hamilton v. Kirson*, 96 A.3d 714, 741 (Md. 2014)). McCoy claims the indentation caused her fall and testified at her deposition to that effect. ECF No. 50-5 at 17:16-21 ("I believe it was because there was a divot in the parking lot. . . . I believe I just stepped on that and went down."). That is a sufficiently viable theory of causation to survive summary judgment.

## IV.    CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (ECF No. 49) is **DENIED**.

A separate Order will **ISSUE**.

March 14, 2024

_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**